In the Matter of F & S LIQUORS INC., Appellant, v. STATE LIQUOR AUTHORITY et al., Respondents.

First Department, October 22, 1963.

*Myron Epstein* of counsel (*Sanders I. Epstein* with him on the brief), for appellant.

*Emanuel D. Black* of counsel (*Hyman Amsel*, attorney), for respondents.

BOTEIN, P. J. Petitioner is the holder of a license for a retail liquor store located in New York City. In May, 1963 it applied for permission to transfer its license to a new location within the city. Under rule 39 of the Rules of the State Liquor Authority (9 NYCRR 45.2) an application for such purpose may be

accepted only during the month of April, except that the Authority may authorize acceptance at any other time " to prevent undue hardship or for good cause shown ". Having invoked the exception without success, in that its application for a waiver of the limitation was denied by the Authority, petitioner challenged the validity of the rule in this proceeding, and it appeals from an order granting respondents' motion to dismiss its petition.

Prima facie the challenge has substance. Undoubtedly the Authority is vested with discretion to approve or disapprove applications for the removal of licenses and to adopt pertinent rules (Alcoholic Beverage Control Law, §§ 111, 99-d, subds. 3, 4). But though the Legislature has not prescribed procedures relating to this phase of the Authority's jurisdiction (cf. *Matter of Gross* v. *New York City Alcoholic Beverage Control Bd.*, 7 N Y 2d 531), they are required to be " ' within the law ' " (*Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518, 522; *Matter of Camperlengo* v. *State Liq. Auth.*, 16 A D 2d 342, 344). The Alcoholic Beverage Control Law clearly contemplates " an application to the liquor authority for permission to effect such removal " (§ 99-d, subd. 3). To bar applications for 11 months of the year, without explanation, seems a purposeless imposition — and not merely from the standpoint of applicants — for in determining the location of licensed premises the Authority must consider the convenience and advantage of the public (§§ 2, 101-c, subd. 1).

To be sure, the Authority, as stated, may accept applications at any time " to prevent undue hardship or for good cause shown ". But seemingly public convenience and advantage may be promoted otherwise than in April though hardship is absent. And it is questionable that " good cause " was intended as a substitute for the statutory canon, " public convenience and advantage " (cf. *Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 52, 53); in context, " good cause " would seem to refer to the applicant's circumstances rather than to the public's. Furthermore, it is possible that rule 39 may be vulnerable to one prong of the attack made on the rule involved in *Matter of Gross* (*supra*) namely, that judicial review is denied a licensee unable to show " undue hardship " or " good cause " to the satisfaction of the Authority (see 7 N Y 2d 531, 538).

To these observations the Authority, we appreciate, may have answers grounded in substantive policy or administrative necessity or convenience. We note, in this connection, that the limitation on the acceptance of applications is restricted to New York City. But, beyond the bare conclusory assertion in a brief that

the questioned rule is an aid to administration, no explanation of its rationale has been proffered (cf. *Matter of Willmont Liqs. v. Rohan,* 2 Misc 2d 768, 781, decided without benefit of later decisions of the Court of Appeals above cited). It may be that this explanation can be furnished in answering papers. Accordingly, the order entered July 12, 1963 should be reversed and the motion to dismiss the petition denied, without costs, with leave to respondents to serve an answer and affidavits, if so advised, within 20 days after service of a copy of the order entered herein, with notice of entry.

RABIN, MCNALLY, EAGER and STEUER, JJ., concur.

Order, entered on July 12, 1963, unanimously reversed, on the law, without costs, and the motion to dismiss the petition denied, with leave, however, to respondents to serve an answer and affidavits, if so advised, within 20 days after service upon them of a copy of the order entered herein, with notice of entry.